NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-286

RONALD SHELTON HATSFELT

VERSUS

ANNETTE R. WYBLE HATSFELT

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2011318
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY

JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery, Judges.

APPEAL DISMISSED.

William Howard Collier
Ringuet, Daniels & Collier
Post Office Box 52647
Lafayette, LA 70505
(337) 232-0002
COUNSEL FOR DEFENDANT/APPELLANT:
    Annette R. Wyble Hatsfelt

**D. Reardon Stanford**
**Hoyt & Stanford**
**315 S. College, Suite 165**
**Lafayette, LA 70503**
**(337) 234-1012**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ronald Shelton Hatsfelt**

**KEATY, Judge.**

The instant suit was filed by the plaintiff-appellee, Ronald Shelton Hatsfelt, against the defendant-appellant, Annette R. Wyble Hatsfelt, seeking the rescission of the donation of a house from the appellee's father, Ronald Vernon Hatsfelt (Hatsfelt), to the appellant on February 17, 2005. The house was previously a part of the community property between Hatsfelt and his first wife, the appellee's mother, Lessie Oliver Hatsfelt, and was awarded to Hatsfelt by a judgment in the divorce proceedings pursuant to a written stipulation between the parties. The donation of the house to the appellant, however, was executed after the date of the judgment awarding the house to the donor but before appellate delays had run. Hatsfelt passed away on June 18, 2010.

On July 14, 2011, the appellee filed a petition to declare the donation a nullity, to rescind the donation, and/or for damages, asserting that Hatsfelt had not yet acquired his first wife's one-half interest in the house at the time he donated the house to the appellant. On December 21, 2012, the trial court signed a partial final judgment where it granted the appellee's motion for summary judgment, finding the donation of the house absolutely null and rescinding the donation as to an undivided one-half interest in the property. The trial court also reserved other matters, including damages, for further proceedings. From this ruling, the appellant seeks review on appeal.

On March 25, 2013, a rule to show cause was issued by this court, ordering the appellant to show cause, by brief only, why the appeal should not be dismissed as having been taken from a non-appealable, partial judgment. A brief was subsequently received by this court, wherein the appellant argues that the ruling disposes of the entire action. We find, however, that the trial court's ruling is a

partial judgment as evidenced by the reservation of other matters in both the appellee's motion for summary judgment and the express words of the appealed judgment. Also, the ruling was not designated as a final judgment by the trial court. Accordingly, pursuant to La.Code Civ.P. art. 1915(B), we find that the appeal was taken from a non-appealable judgment; thus, we hereby dismiss the appeal.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.